UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY L. CROSS,

    Petitioner,

v.

JEFFERY UTTECHT.

    Respondent.

CASE NO. 11-cv-5469RJB

REPORT AND RECOMMENDATION

NOTED FOR:
OCTOBER 28, 2011

This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. This is a mixed petition with one exhausted ground for relief and one unexhausted ground for relief. The court recommends the petitioner be given the option of dismissing his unexhausted ground for relief and proceeding on the exhausted ground: or that he dismiss the petition without prejudice as a mixed petition.

REPORT AND RECOMMENDATION - 1

## BASIS FOR CUSTODY AND FACTS

Petitioner pled guilty in Pierce County Superior Court to two counts of child molestation in the first degree. He was sentenced to a minimum term of 67 months with a maximum of life. Further, he was sentenced to lifetime community custody (ECF No. 16, Exhibit 1). The respondent has set forth the facts and findings of the Washington Court of Appeals surrounding the plea. Petitioner has not contested these facts (ECF No. 15). The court adopts respondent's facts as follows:

> The State alleged that Cross committed count I between December 1, 2007, and April 4, 2008[1] and count II on April 5, 2008. Cross pleaded guilty to both counts. Section 4 of Cross's statement on plea of guilty incorrectly stated that counts I and II "occurred during 12/1/07 to 4/4/08." Clerk's Papers (CP) at 7. Section 11 of the statement reported that "between 12/1/07 [and] 4/5/08 I twice had unlawful sexual contact with G.P., who I was more than 36 mo[nth]s older than [and] who is less than 12 y[ea]rs old and I am not married to." CP at 14-15. In the plea colloquy, the court recited the correct dates, and Cross confirmed that section 11 accurately stated what he had done. The trial court accepted Cross's pleas "as knowingly, intelligently and voluntarily given." Report of Proceedings at 8. The court later rejected Cross's request for a special sex offender sentencing alternative (SSOSA) sentence and imposed a standard range sentence.
>
> Cross argues that his pleas were not knowing, voluntary, and intelligent because the trial court misinformed him of the elements of count II by accepting the incorrect dates contained in section 4 of the statement on plea of guilty. *Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *State v. R.L.D.*, 132 Wn. App. 699, 705, 133 P.3d 505 (2006). But the information contained the correct dates. And, in section 11 of the statement, Cross twice acknowledged that he molested the victim between December 1, 2007, and April 5, 2008. He reaffirmed that statement in the plea colloquy. And he stated that he had read and understood his statement on plea of guilty, creating a strong presumption that his pleas were knowing, voluntary, and intelligent. *State v. Smith*, 134

---

[1] [Court's Footnote:] At the plea colloquy, the State corrected a scrivener's error that listed the beginning date for count I as December 1, 2008.

Wn.2d 849, 852, 953 P.2d 810 (1998). The trial court did not err in finding that his pleas were knowing and voluntary.

Cross argues that his counsel ineffectively represented him during the plea process. To prevail on a claim of ineffective assistance, he must show: (1) that his counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him. To demonstrate prejudice Cross must show that but for counsel's deficient representation, the result probably would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-355, 899 P.2d 1251 (1995).

First, Cross contends that his counsel coerced him into pleading guilty by "pressuring and exploiting [his] naiveté." Statement of Additional Grounds for Review at 4. But in both his statement on plea of guilty and during colloquy with the court, Cross stated that "[n]o one has threatened harm of any kind to me . . . to cause me to make this plea" and that "[n]o person has made promises of any kind to cause me to enter this plea." CP at 14. His claim of coercion fails.

Second, Cross faults his counsel for not informing him that he would be subject to conditions of community custody for the rest of his life and that violating one of those conditions could result in being incarcerated for life. But his statement on plea of guilty informed him of that lifetime period of community custody and the consequences of violating the conditions of community custody.[2] He does not demonstrate that he was misinformed as to the consequences of his plea.

Third, Cross contends that his counsel did not advise him of the rights he was giving up by pleading guilty. Again, however, his statement on plea of guilty clearly states those rights and both his counsel and the judge confirmed that he understood that by pleading guilty he was waiving those rights.

Fourth, Cross criticizes his counsel for mentioning that he had taken a polygraph.[3] But this disclosure was a necessary part of Cross's request for a SSOSA sentence, which the court later rejected. His counsel was not ineffective for mentioning the polygraph.

Fifth, Cross argues that his counsel should have had him evaluated for competency because he had had a traumatic brain injury. But defense

---

[2] [Court's Footnote:] That statement also informed him that he would be subject to 60 days of confinement for the first two violations of the community custody conditions and would be subject to reincarceration, for up to life, for a third violation.

[3] [Court's Footnote:] There were apparently two polygraph tests, the first was not completed and the second indicated no deception.

counsel must request a competency determination only if he has reason to doubt the defendant's competency. *City of Seattle v. Gordon*, 39 Wn.App. 437, 441, 693 P.2d 741 (1985). And that doubt arises if counsel has reason to question whether the defendant: (1) understands the charge and consequences of conviction; (2) understands the facts giving rise to the charge; and (3) is able to relate the facts to his attorney to help prepare the defense. *Gordon*, 39 Wn.App. at 442. During his plea colloquy, Cross said that he understood the charges, understood the consequences of conviction, and understood the underlying facts. Thus, he has not shown that counsel had reason to doubt his competency such that he should have requested a competency determination.

Finally, Cross maintains that he did not understand the consequences of his pleas. But as discussed above, his signed statement on plea of guilty creates a strong presumption that his pleas were knowing, voluntary[,] and intelligent. He points to no evidence that would overcome that presumption.

The trial court did not err in accepting Cross's pleas of guilty. We affirm.

(ECF No. 16, Exhibit 7 pages 1-5).

## PROCEDURAL HISTORY

Petitioner appealed his judgment and sentence to the Washington State Court of Appeals (ECF No. 16, Exhibit 3). The opening brief raised one ground for relief:

> Is appellant's guilty plea constitutionally invalid where it was not knowing, voluntary, and intelligent as due process requires because the trial court misinformed him about the nature of the charges?

(ECF No. 16, Exhibit 3, page 1). In a statement of additional grounds for review petitioner added two other grounds for review:

1. Defense, Trial Counsel, was deficient and representation was below the functioning standard guaranteed by the U.S. Constitution within the V, VI, and XIV § 1 Amendments and the Washington State Constitution, Article 1 § 22.

2. The appellant's plea of guilty is constitutionally invalid, violating his rights within the U.S. Constitutions V, VI, and XIV § 1 Amendments and the Washington State Constitutions article 1 §§ 3 and 22.

(ECF No. 16, Exhibit 4 pages 1 and 11).

The Washington Court of Appeals issued an unpublished opinion in which the court affirmed his judgment and sentence (ECF No.16, Exhibit 7). A motion for reconsideration was denied. Petitioner then filed a motion for discretionary review with the Washington State Supreme Court where he raised the following single ground for relief:

1. Was Petitioner's trial counsel ineffective for not having Petitioner evaluated for competency?

(ECF No. 16, Exhibit 10 page2). The Washington State Supreme Court denied review and the mandate from the Washington State Court of Appeals issued April 7, 2011 (ECF No. 16, Exhibits 11 and 12).

In his federal Habeas Corpus petition petitioner raises the following two grounds for relief:

1. Petitioner was denied his right to effective assistance of counsel. A violation of Federal Constitution – Sixth Amendment.

2. Petitioner's rights were violated due to his incompetency. This was a violation of the Federal Constitution – Fourteenth Amendment.

(ECF No. 1, pages 6 and 8).

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A. *Mixed Petitions*.

Respondent concedes petitioner's first ground for relief is exhausted but contends the second ground for relief regarding competency is unexhausted (ECF No. 15, pages 5 to 13). Respondent urges the court to dismiss the entire petition arguing the second ground for relief is meritless (ECF No. 15, page 6 citing 28 U.S.C. § 2254 (b)(2)). The court first examines the second ground for relief to determine if it is exhausted. Petitioner alleges he was incompetent to plead guilty (ECF No. 1, page 8).

1. Exhaustion.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that: (A) the applicant has

exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. If respondent intends to waive the defense of failure to exhaust state remedies, respondent must do so explicitly. 28 U.S.C. § 2254 (b)(3). To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

  A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (*citing* Picard, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan, 513 U.S. at 365-66 (*citing* Picard, 404 U.S. at 275 *and* Anderson v. Harless, 459 U.S. 4 (1982)). The sole ground for relief that petitioner presented to the Washington State Supreme Court was an ineffective assistance of counsel claim (ECF No 16, Exhibit 10, page 2). The incompetence ground for relief was not presented as a separate claim. It is unexhausted.

  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USCA §

2254(c). Respondent concedes that the petitioner has the ability to file a collateral challenge in state court (ECF No. 15, page 12 and 13).

Petitioner is facing the possibility of a life sentence.  Further he faces life on community custody if he is released from prison and he may be returned to prison and again face a life sentence.  Under these facts, petitioner should be given every opportunity possible to develop the record and facts.  The court declines to recommend dismissal of the entire petition.

2.	Mixed petitions

A petitioner who has filed a mixed petition has the choice of amending the petition by deleting the unexhausted claims, or dismissing the petition and pursuing the unexhausted claims in state court.  Rose v. Lundy, 455 U.S. 509, 510 (1982

Dismissal without prejudice of the entire petition is not an option because a federal court cannot dismiss a mixed petition without giving the petitioner the opportunity to either return to state court (dismissal by a motion by the petitioner), or dismissal or amendment of unexhausted claims and proceeding forward on only the exhausted claims. Rose v Lundy, 455 U.S. 509, 510 (1982); Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005).

The court recommends that petitioner be given the option of dismissing the second ground for relief and proceeding on the first ground for relief, or dismissing this petition without prejudice and returning to state court. Petitioner should be ordered to make a decision and inform the court of his choice within thirty days of the court adopting this report and recommendation.

# **CERTIFICATE OF APPEALABILITY**

A petitioner seeking relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c) (3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 28, 2011, as noted in the caption.

Dated this 27th day of September, 2011.

J. Richard Creatura
United States Magistrate Judge