UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY L. CROSS,

           Petitioner,

v.

JEFFERY UTTECHT,

           Respondent.

CASE NO. C11-5469-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 23, 2012

This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been re-referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner has elected to dismiss his unexhausted claim. The District Court re-referred this petition for consideration on the merits of the only exhausted claim (ECF No. 20). The only exhausted claim is that counsel in petitioner's criminal case was ineffective because he failed to send petitioner for a competency evaluation. This was the only claim petitioner brought before the Washington State Supreme Court in his motion for discretionary review (ECF No. 16, Exhibit 10, page 2).

After consideration, the Court recommends denial of the petition because the ruling of the Washington Court State of Appeals on this issue is not contrary to or an unreasonable application of clearly established federal law and petitioner fails to show that counsel's performance was ineffective.

## BASIS FOR CUSTODY AND FACTS

Petitioner pled guilty in Pierce County Superior Court to two counts of child molestation in the first degree. He was sentenced to a minimum term of 67 months with a maximum of life. Further, he was sentenced to lifetime community custody (ECF No. 16, Exhibit 1). The respondent has set forth the facts and findings of the Washington Court of Appeals surrounding the plea. The Court adopts respondent's facts as follows:

> The State alleged that Cross committed count I between December 1, 2007, and April 4, 2008[1] and count II on April 5, 2008. Cross pleaded guilty to both counts. Section 4 of Cross's statement on plea of guilty incorrectly stated that counts I and II "occurred during 12/1/07 to 4/4/08." Clerk's Papers (CP) at 7. Section 11 of the statement reported that "between 12/1/07 [and] 4/5/08 I twice had unlawful sexual contact with G.P., who I was more than 36 mo[nth]s older than [and] who is less than 12 y[ea]rs old and I am not married to." CP at 14-15. In the plea colloquy, the court recited the correct dates, and Cross confirmed that section 11 accurately stated what he had done. The trial court accepted Cross's pleas "as knowingly, intelligently and voluntarily given." Report of Proceedings at 8. The court later rejected Cross's request for a special sex offender sentencing alternative (SSOSA) sentence and imposed a standard range sentence.
>
> Cross argues that his pleas were not knowing, voluntary, and intelligent because the trial court misinformed him of the elements of count II by accepting the incorrect dates contained in section 4 of the statement on plea of guilty. *Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *State v. R.L.D.*, 132 Wn. App. 699, 705, 133 P.3d 505 (2006). But the information contained the correct dates. And, in section 11 of the statement, Cross twice acknowledged that he molested the victim between December 1, 2007, and April 5, 2008. He reaffirmed that statement in the plea colloquy. And he stated that he had read and understood his statement on plea of guilty, creating a strong presumption that his pleas were knowing, voluntary, and intelligent. *State v.*

---

[1] [Court's Footnote:] At the plea colloquy, the State corrected a scrivener's error that listed the beginning date for count I as December 1, 2008.

REPORT AND RECOMMENDATION - 2

*Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). The trial court did not err in finding that his pleas were knowing and voluntary.

Cross argues that his counsel ineffectively represented him during the plea process. To prevail on a claim of ineffective assistance, he must show: (1) that his counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him. To demonstrate prejudice Cross must show that but for counsel's deficient representation, the result probably would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-355, 899 P.2d 1251 (1995).

…

Fifth, Cross argues that his counsel should have had him evaluated for competency because he had had a traumatic brain injury. But defense counsel must request a competency determination only if he has reason to doubt the defendant's competency. *City of Seattle v. Gordon*, 39 Wn.App. 437, 441, 693 P.2d 741 (1985). And that doubt arises if counsel has reason to question whether the defendant: (1) understands the charge and consequences of conviction; (2) understands the facts giving rise to the charge; and (3) is able to relate the facts to his attorney to help prepare the defense. *Gordon*, 39 Wn.App. at 442. During his plea colloquy, Cross said that he understood the charges, understood the consequences of conviction, and understood the underlying facts. Thus, he has not shown that counsel had reason to doubt his competency such that he should have requested a competency determination.

Finally, Cross maintains that he did not understand the consequences of his pleas. But as discussed above, his signed statement on plea of guilty creates a strong presumption that his pleas were knowing, voluntary[,] and intelligent. He points to no evidence that would overcome that presumption.

The trial court did not err in accepting Cross's pleas of guilty. We affirm.

(ECF No. 16, Exhibit 7 pages 1-5).

## PROCEDURAL HISTORY

Petitioner appealed his judgment and sentence to the Washington State Court of Appeals (ECF No. 16, Exhibit 3). The opening brief raised one ground for relief:

Is appellant's guilty plea constitutionally invalid where it was not knowing, voluntary, and intelligent as due process requires because the trial court misinformed him about the nature of the charges?

(ECF No. 16, Exhibit 3, page 1). In a statement of additional grounds for review petitioner added two other grounds for review:

1. Defense, Trial Counsel, was deficient and representation was below the functioning standard guaranteed by the U.S. Constitution within the V, VI, and XIV § 1 Amendments and the Washington State Constitution, Article 1 § 22.

2. The appellant's plea of guilty is constitutionally invalid, violating his rights within the U.S. Constitutions V, VI, and XIV § 1 Amendments and the Washington State Constitutions article 1 §§ 3 and 22.

(ECF No. 16, Exhibit 4 pages 1 and 11).

The Washington Court of Appeals issued an unpublished opinion in which the court affirmed his judgment and sentence (ECF No.16, Exhibit 7). A motion for reconsideration was denied. Petitioner then filed a motion for discretionary review with the Washington State Supreme Court where he raised the following single ground for relief:

1. Was Petitioner's trial counsel ineffective for not having Petitioner evaluated for competency?

(ECF No. 16, Exhibit 10 page2). The Washington State Supreme Court denied review and the mandate from the Washington State Court of Appeals issued April 7, 2011 (ECF No. 16, Exhibits 11 and 12).

In his federal habeas corpus petition, petitioner raises the following two grounds for relief:

1. Petitioner was denied his right to effective assistance of counsel. A violation of Federal Constitution – Sixth Amendment.

2. Petitioner's rights were violated due to his incompetency. This was a violation of the Federal Constitution – Fourteenth Amendment.

(ECF No. 1, pages 6 and 8). The second ground for relief has been dismissed as unexhausted (ECF No. 17, 18) and the only remaining claim is the contention that counsel was ineffective for not having petitioner evaluated for competency.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire,

502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

The crux of petitioner's argument is the fact that during the plea colloquy his counsel acknowledged that petitioner suffered a traumatic brain injury and sometimes lost track of thoughts. Counsel made this information known to the Court after petitioner had stopped in mid sentence when answering a question (ECF No. 16, Exhibit 13, page 7). Counsel informed the trial court "[m]y client does suffer from a brain traumatic brain injury and sometimes will lose track of thoughts, but he is competent." (ECF No. 16, Exhibit 13 page 7). Petitioner argues counsel had a duty to have him evaluated knowing that he had a brain injury. The Washington State Court of Appeals addressed petitioner's claim and held:

> Fifth, Cross argues that his counsel should have had him evaluated for competency because he had had a traumatic brain injury. But defense counsel must request a competency determination only if he has reason to doubt the defendant's competency. *City of Seattle v. Gordon*, 39 Wn.App. 437, 441, 693 P.2d 741 (1985). And that doubt arises if counsel has reason to question whether the defendant: (1) understands the charge and consequences of conviction; (2) understands the facts giving rise to the charge; and (3) is able to relate the facts to his attorney to help prepare the defense. *Gordon*, 39 Wn.App. at 442. During his

REPORT AND RECOMMENDATION - 6

> plea colloquy, Cross said that he understood the charges, understood the consequences of conviction, and understood the underlying facts. Thus, he has not shown that counsel had reason to doubt his competency such that he should have requested a competency determination.

(ECF No. 16, Exhibit 13, page 7). Petitioner provides no other evidence to support his contention that he was incompetent and simply refers the Court to the record. The Court has examined the record. Except for one instance where petition loses his train of thought, which prompts counsel to inform the court of his injury, every question is answered appropriately (ECF No. 16, Exhibit 13). There is nothing in the record to indicate that petitioner was not aware of the facts surrounding his plea and the consequences of his guilty plea. Further, there is nothing to indicate that counsel's representation of him was substandard.

In order to establish that petitioner was ineffectively assisted by counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance affected the result of the proceeding. Strickland v. Washington, 466 U.S. 668, 686 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. In order to demonstrate prejudice, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. Strickland, 466 U.S. at 694. Petitioner fails to make this showing. Further, he fails to show that the decision of the Washington State Court of Appeals was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or that the decision was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. The Washington Court of Appeals cites to the correct legal standard and considered the evidence before it. The Court recommends that this petition be denied on the merits as petitioner fails to show he is entitled to any relief.

| | |
|---|---|
| 1 | <u>CERTIFICATE OF APPEALABILITY</u> |
| 2 | A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district |
| 3 | court's dismissal of the federal habeas petition only after obtaining a certificate of appealability |
| 4 | (COA) from a district or circuit judge. A certificate of appealability may issue only if a |
| 5 | petitioner has made "a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. |
| 6 | § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could |
| 7 | disagree with the district court's resolution of his constitutional claims or that jurists could |
| 8 | conclude the issues presented are adequate to deserve encouragement to proceed further." |
| 9 | <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003) (*citing* <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 |
| 10 | (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a |
| 11 | certificate of appealability with respect to this petition. |
| 12 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have |
| 13 | fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. |
| 14 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo |
| 15 | review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit |
| 16 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on |
| 17 | March 23, 2012, as noted in the caption. |
| 18 | Dated this 29th day of February, 2012. |

J. Richard Creatura
United States Magistrate Judge